UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:14-cv-00257-FL

| | |
|---|---|
| MARSHA JACOBS, Administratrix of the Estate of MITCHELL LEE JACOBS; KRISTEN L. MOORE, individually, and H. CLIFTON HESTER, as Guardian Ad Litem for A.J., a Minor, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| GENERAL MOTORS LLC; GENERAL MOTORS COMPANY; JTEKT NORTH AMERICA, INC.; JTEKT AUTOMOTIVE VIRGINIA, INC.; and JTEKT CORPORATION, | ) ) ) ) ) ) |
| Defendants. | ) |

**STIPULATED PROTECTIVE ORDER**

The parties, by and through their respective counsel of record, stipulate:

1. Good cause exists for the issuance of a protective order pursuant to Fed.R.Civ.P. 26(c). This litigation will require the Defendants to disclose confidential engineering and business information, including but not limited to formulae, patterns, programs, devices, compilations of information, methods, or processes concerning their respective products which fall within the definition of a "trade secret" as § 66-152 of the North Carolina Trade Secrets Protection Act defines that term. Such information, if disclosed, would give competitors an unfair commercial advantage and would result in substantial economic harm to the Defendants. Each Defendant, therefore, takes extensive measures to keep this information confidential and derives value from maintaining that confidentiality.

2. Defendants may designate items of discovery or other information produced or disclosed to the parties herein as being confidential and subject to protective order, which designation shall make such items and all copies, prints, summaries, or other reproductions of such information subject to this Order. All such documents or other tangible items produced by any Defendant shall be stamped or labeled clearly to indicate that such material is subject to protective order, and testimony or other types of information based upon such documents or tangible items shall be designated similarly in clear terms.

3. Defendants shall designate as being confidential under protective order such documents and materials which it has determined in good faith to constitute or contain a trade secret, competitively sensitive information or other confidential research, development, technical or commercial information.

4. Information and documents subject to this Order may be disclosed only to (a) the parties herein, (b) attorneys for the parties and their paralegal and clerical staffs, (c) experts retained by the parties for assistance in trial preparation or for testimony. Disclosure shall be made to such persons only as necessary for the prosecution of this lawsuit and only after the person to whom disclosure is made has been provided with a copy of this Order and has agreed to be bound by it. In the case of retained experts, acknowledgment of this Order and of the expert's agreement to be bound by it shall be in writing addressed to and maintained by the retaining counsel. Designated information shall not be disclosed to any person or in any manner not specified in this Order or used for any purpose other than the prosecution of this lawsuit.

5. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions

thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court.

6. The parties shall act to preserve the confidentiality of designated information. If such information is filed with the Court, it shall be filed under seal and with notification of the application of this Order. This Order shall not be construed to preclude or limit any party's use of confidential material at trial, but any such confidential material that is offered as an exhibit at trial shall either be filed and maintained by the Court under seal or returned to the party who offered it into evidence and retained by such party until the conclusion of any appeal or the passing of the deadline for appeal without any appeal having been taken.

7. In the event that counsel for a party receiving items designated as confidential under protective order disagrees with the propriety of any Defendant's designation of any item as being confidential under protective order, counsel for the receiving party shall serve a written notice upon that Defendant's counsel within thirty (30) days after production of the item or items by any party producing confidential documents, specifying the item or items in question. In the event that an agreement cannot be reached between counsel concerning the propriety of the designation, counsel for the receiving party may file a motion seeking court adjudication of the propriety of the designation under applicable court rules or statutes. Any such item or items

3

Case 7:14-cv-00257-FL    Document 36    Filed 07/24/15    Page 3 of 9

shall continue to be treated as confidential and subject to this Order until such time as the court rules upon the motion.

8. If any party wishes to modify this order, the parties shall first request such modification from each other, and, if no satisfactory agreement is reached, may petition the court for modification at any time prior to termination of this lawsuit. Modification of this Order after termination of this lawsuit, by judgment, settlement or otherwise, shall not be permitted. Until modification is granted by agreement or order, the terms of this Order govern. Provision for use of such information at trial shall be similarly made by agreement or by pretrial order governing the use and protection of the record.

9. This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

10. This Order shall not preclude the court or its personnel from reviewing any documents or information designated as confidential or proprietary as necessary for the conduct of this litigation.

11. Upon reaching agreement concerning settlement terms, or upon termination of this lawsuit by judgment, settlement or otherwise, parties who have received items designated as confidential under protective order shall return to each Defendant, through each Defendant's counsel of record, all of the documents and information subject to this Order, including all copies, prints, summaries, and other reproductions of such information, in the possession of the party, the party's counsel and staff, and the party's retained experts. Alternatively, at the option of counsel for any Defendant, counsel for parties who have received items designated as confidential under protective order from that Defendant may destroy all documents and information, in the possession of the party, the party's counsel and staff, and the party's retained

experts. Counsel for the parties who have received from any Defendant items designated as confidential under protective order will certify in writing to that Defendant's counsel compliance with this Order and will disclose the names of all experts to whom such information was disclosed. Each retained expert will also certify in writing to Defendants' counsel compliance with this Order in the form of the affidavit attached hereto as Exhibit A.

**IT IS SO STIPULATED.**

By s/ Matthew J. Dixon
_____
Matthew J. Dixon (NCSB No. 24208)
MATTHEW J. DIXON, PLLC
P.O. Box 3090
Elizabethtown, NC 28337
Telephone: 910.872.0002
Facsimile: 910.872.0007
Email: dixlonlaw101@yahoo.com
*Attorneys for Plaintiffs*

By s/ Frederick W. Rom
Frederick W. Rom (NCSB No. 26675)
WOMBLE CARLYLE SANDRIDGE
   & RICE, LLP
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: 919.755.8153
Facsimile: 919.7553.2150
Email: from@wcsr.com
*Local Rule 83.1 Counsel for Defendants*
*JTEKT Corporation*
*JTEKT Automotive North America, Inc, and*
*JTEKT Automotive of Virginia, Inc.*

By s/ Kent B. Hanson
Kent B. Hanson (*Pro Hac Vice*)
Paul E. D. Darsow (*Pro Hac Vice*)
HANSON BOLKCOM LAW GROUP, LTD.
527 Marquette Avenue, Suite 2300
Minneapolis, MN 55402
Telephone: 612.342.2880
Facsimile: 612.342.2899
Email: khanson@hblawgroup.com
paul.darsow@hblawgroup.com
*Attorneys for Defendant General Motors LLC*

and

Steven C. Lawrence (NCSB No. 12464)
Stacey E. Tally (NCSB No. 39669)
ANDERSON, JOHNSON, LAWRENCE
  & BUTLER, L.L.P.
109 Green Street, Suite 204 (28301)
Post Office Drawer 2737
Fayetteville, NC 28302-2737
Telephone: 910.483.1171
Facsimile: 910.483.5005
Email: slawrence@andersonjohnson.com
janderson@andersonjohnson.com
stally@andersonjohnson.com
*Local Rule 83.1 Counsel for Defendant General Motors LLC*

7

**IT IS SO ORDERED this 24th day of July, 2015.**

_____
Honorable Louise W. Flanagan
Judge of the United States District Court

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:14-cv-00257-FL

| | |
|---|---|
| MARSHA JACOBS, Administratrix of the Estate of MITCHELL LEE JACOBS; KRISTEN L. MOORE, individually, and H. CLIFTON HESTER, as Guardian Ad Litem for A.J., a Minor, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| GENERAL MOTORS LLC; GENERAL MOTORS COMPANY; JTEKT NORTH AMERICA, INC.; JTEKT AUTOMOTIVE VIRGINIA, INC.; and JTEKT CORPORATION, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**AFFIDAVIT**

STATE OF _____ )
                                      ) ss.
COUNTY OF _____ )

      I, _____, hereby affirm that I have read the foregoing Stipulated Protective Order entered in the above-entitled matter, and agree to be bound by its terms, and have fully complied with all its terms and provisions.

                                                                  _____
                                                                                Affiant

Subscribed to and sworn to before me
this \_\_\_ day of _____, 2015.

_____
Notary Public