UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:14-cv-00257-FL

| | |
|---|---|
| MARSHA JACOBS, Administratrix of the Estate of MITCHELL LEE JACOBS; KRISTIN L. MOORE, individually, and H. CLIFTON HESTER, as Guardian Ad Litem for A.J., a Minor,<br><br>    Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC; JTEKT NORTH AMERICA, INC.; JTEKT AUTOMOTIVE VIRGINIA, INC.; and JTEKT CORPORATION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **ORDER TO SEAL**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court, pursuant to Local Rule 79.2 and Section T of the CM/EMF Policy Manual, on the Plaintiffs' Motion for an Order to Seal the Order of Approval of the settlement of the claim of Plaintiff H. Clifton Hester, as Guardian Ad Litem for A.J., a Minor, and the settlement of the claim of Marsha Jacobs, Administratrix of the Estate of Mitchell Lee Jacobs, along with all Exhibits attached thereto (hereinafter referred to as Order of Approval). Consenting to this Order are Matthew J. Dixon, attorney for the Plaintiffs, Kent B. Hanson and Paul E. D. Darsow, attorneys for Defendant General Motors LLC, Steven C. Lawrence and Stacey E. Tally, local counsel for Defendant General Motors LLC, and Frederick W. Rom and Owen B. Asplundh, attorneys for Defendants JTEKT North America, Inc., JTEKT Automotive Virginia, Inc., and JTEKT Corporation.

Based upon the representations of the Plaintiffs through counsel in their Motion, the Court finds and concludes as follows:

1. The Order of Approval, along with its Exhibits, which is the document for which filing under seal is requested, is required by Local Rule 17.1, as two of the three settlements in this matter involve A.J., a minor child.

2. The seal is necessary and overcomes the common law and First Amendment presumption to access. The parties negotiated confidential settlements of this matter, and the Defendants consider the confidentiality of the settlements to be a material term of the settlement agreements. As such, the seal is necessary in order to effectuate the settlement agreements, and settle this case, and overcomes the common law and First Amendment presumption to access. Furthermore, the Exhibits to the Order of Approval contain the name of the Minor Child, which cannot appear in documents filed with the Court pursuant to Rule 17.1. The seal is necessary to allow the Court to review the Exhibits within the requirements of Rule 17.1, and overcomes the common law and First Amendment presumption to access.

3. The details of the confidential settlement which cannot be made public, and the identity of the minor child involved in this case, are the qualities of the Order of Approval which outweigh the interest in access to Court documents, and justify sealing the Order of Approval.

4. The Order of Approval must contain the details of the settlement, including the settlement agreements themselves as Exhibits. Said details include the terms of the settlement, including the monetary amounts. Furthermore, the settlement agreements include the minor child's identity. The only way that the Order of Approval can be filed without violating the confidentiality of the settlement, and Local Rule 17.1

regarding identification of minors, is by sealing the Order of Approval and Exhibits, and there are no adequate alternatives to sealing.

5. All parties consented to the Plaintiffs' Motion to Seal.

IT IS THEREFORE ORDERED that the Order of Approval of the settlements of the claims of Plaintiff H. Clifton Hester, as Guardian Ad Litem for A.J., a Minor, and Marsha Jacobs, Administratrix of the Estate of Mitchell Lee Jacobs, along with all Exhibits to the same, are hereby SEALED.

This the 1st day of February, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge